**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**DERRICK L. BOOTH,**
**Reg. #24944-009**                                                                 **PLAINTIFF**

**V.**                                    **CASE NO. 5:16-CV-00359 JM/BD**

**P. SMITH, et al.**                                                              **DEFENDANTS**

<u>**RECOMMENDED DISPOSITION**</u>

**I**.      <u>**Procedure for Filing Objections**</u>

This Recommended Disposition ("Recommendation") has been sent to Judge

James M. Moody Jr.  You may file written objections to this Recommendation.  If you file

objections, they must be specific and must include the factual or legal basis for your

objection.  Your objections must be received in the office of the United States District

Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Moody can adopt this Recommendation without

independently reviewing the record.  By not objecting, you may also waive any right to

appeal questions of fact.

**II.**      <u>**Background**</u>

Derrick L. Booth, a former Arkansas Department of Correction inmate, filed this

lawsuit without the help of a lawyer under 42 U.S.C. § 1983.  (Docket entry #2)  In his

original complaint, Mr. Booth alleged that the Defendants used excessive force against

him by forcing him to work a late-night shift when he was experiencing health problems.

He also complained that he was wrongfully disciplined for failing to obey officers'

orders.  Because Mr. Booth's complaint lacked critical information, the Court provided

him an opportunity to amend his complaint.  (#3)  Mr. Booth then filed an amended

complaint.  (#6)

In his amended complaint, Mr. Booth appeared to abandon his excessive-force

claim, as well as his wrongful disciplinary claim.  Instead, he complained that Defendants

Smith, Page, and Harris had acted with deliberate indifference to his serious medical

needs when they placed him in isolation.

Defendants moved to dismiss, contending that Mr. Booth's claims for money

damages against Defendants in their official capacities are barred by sovereign

immunity[1]; that they are entitled to qualified immunity; and that Mr. Booth failed to state

a deliberate indifference claim.  (#15)

After Defendants moved to dismiss, Mr. Booth filed a second amended complaint.

(#25)  Defendants have now moved to strike Mr. Booth's second amended complaint.

(#29)

III.    **Discussion**

A.      Motion to Strike

Mr. Booth should have requested permission from the Court before filing his

second amended complaint.  FED. R. CIV. P. (A)(2).  Because Mr. Booth is proceeding

---

[1] In his second amended complaint, Mr. Booth explains that he seeks to sue the
Defendants in their individual capacities only.  Therefore, the Defendants' argument that
they are entitled to sovereign immunity is now moot.

without the help of a lawyer, however, his claims should not be ignored based on this technicality.

      B.    Amended Complaint

In his first amended complaint, Mr. Booth complains about his placement in isolation despite the Defendants' knowledge of his health problems.  Specifically, he alleges that he suffered from high blood pressure on July 14, 2016, the date that he was charged with the underlying rule violation.  In addition, Mr. Booth explains that he suffers from an enlarged heart and depression.  His primary complaint appears to be the Defendants' failure to provide him a copy of his "pre-lock up report" before placing him in isolation.

Deliberate indifference to a prisoner's medical needs can be considered an unnecessary and wanton infliction of pain.  Such conduct is prohibited by the Eighth Amendment to the United States Constitution.  *McRaven v. Sanders*, 577 F.3d 974, 979 (8th Cir. 2009); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  To prove a deliberate-indifference claim, however, a plaintiff must plead facts showing that he suffered from an objectively serious medical need and that the defendants knew of the need, yet deliberately disregarded it.  *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004).  In this context, a "serious medical need" is one that has been diagnosed by a doctor as requiring treatment, or a need that is so apparent that a layperson would easily recognize the need for a doctor's attention. *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997).

Defendants can be held liable only if they "actually knew of but deliberately disregarded" an inmate's serious medical need. *Id*. This showing requires a mental state "akin to criminal recklessness." *Id*. (quoting *Gordon v. Frank*, 454 F.3d 858, 862 (8th Cir. 2006)). This means that Mr. Booth must show that the Defendants' actions were more than negligent, more even than grossly negligent. *Fourte v. Faulkner County*, 746 F.3d 384, 387 (8th Cir. 2014) (quoting *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000)). Stated another way, to continue with this claim, Mr. Booth must plead and prove that the Defendants' actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Dulany v. Carnahan*, 132 F.3d 1234, 1240–41 (8th Cir. 1997).

In deciding the Defendants' motion, the Court will assume that Mr. Booth's allegations are true. Even so, they fall short of showing that the Defendants violated his constitutional rights. Even if the Defendants were negligent or grossly negligent in placing Mr. Booth in isolation despite knowing of his medical conditions, their conduct cannot reasonably be characterized as "akin to criminal recklessness." Furthermore, Mr. Booth does not allege that the Defendants failed to provide him proper medical treatment while he was housed in isolation or that he suffered any injury as a result of the Defendants' conduct. Given these facts, Mr. Booth should not be allowed to proceed on a claim that the Defendants were deliberately indifferent to his serious medical needs.

C.     Second Amended Complaint

In his second amended complaint, Mr. Booth explains that he is a night-time porter responsible for cleaning barracks "after lights out."  (#25 at p.1)  Mr. Booth complains that Defendants Page and Harris are responsible for implementing and enforcing an ADC policy that requires inmates to sleep on top of their bedding during the daytime.  He says that his barracks are very cold and that forcing him to sleep on top of his bedding has caused "pain and mental anguish, . . . sleep deprivation, health issues, and mental health complications."  (#25 at p.2)  While the Court is sensitive to Mr. Booth's complaints, again, these allegations fail to rise to a constitutional level.

Here, Mr. Booth does not allege that he was denied bedding, but the court of appeals has held that inmates have no constitutional right to be placed in a cell with bedding.  *Williams v. Delo*, 49 F.3d 442, 446 (8th Cir. 1995) (citing *Johnson v. Boreari*, 946 F.2d 67, 71 (8th Cir. 1991))  If inmates have no federally protected right to bedding at all, it follows that they have no constitutional right to have sheets and blankets during the daytime.

Mr. Booth complains that he is "constantly cold" and is forced to cover himself with only a coat during the daytime (#25 at p.2), but he has not alleged facts showing that he was denied the "the minimal civilized measure of life's necessities."  Currently, that is the standard required to proceed with this claim.  *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 1977 (1994) (internal quotation omitted).

In his second amended complaint, Mr. Booth also complains that Defendant Smith retaliated against him for serving as a "writ writer" and "jailhouse lawyer" by charging

him with a false disciplinary.  Unfortunately for Mr. Booth, there is "no right to be or receive legal assistance from a jailhouse lawyer independent of the right of access to the court."  *Gassler v. Rayl*, 862 F.2d 706, 707-08 (8th Cir. 1988).  As a result, "the transfer of a prisoner for 'writ-writing' does not in and of itself constitute the violation of a protected right."  *Id*. at 708 (internal citation omitted).  Accordingly, even if Mr. Booth were able to prove that he was disciplined because he provided legal assistance to other inmates, this fails to rise to a constitutional level.  "[A]n inmate simply does not have the right to provide fellow inmates with legal assistance" *Id*.

## IV.   **Conclusion**

The Court recommends that the Defendants' motion to strike (#29) be DENIED and that their motion to dismiss (#15) be GRANTED.  Mr. Booth's claims should be DISMISSED, without prejudice.

DATED this 27th day of February, 2017.

_____
UNITED STATES MAGISTRATE JUDGE